# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| GREG DUNIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:07CV8 MLM |
| ) | |
| FULTON RECEPTION & ) | |
| DIAGNOSTIC CENTER, et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon its own motion. Plaintiff, a prisoner and frequent filer, is subject to the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g). Plaintiff filed a complaint and motion to proceed in forma pauperis on January 26, 2007, and the Court reviewed the complaint for allegations of imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g). After review, the Court determined that the complaint only alleged past injury, and the Court denied plaintiff's leave to proceed in forma pauperis. Plaintiff has recently filed a document that indicates he is continuing to suffer from migraine headaches as a result of having had brain surgery. Upon reconsideration, the Court finds that plaintiff's allegations of imminent danger are sufficient to allow plaintiff to proceed

in forma pauperis. Consequently, the Court will vacate its Order dated February 16, 2006, and will grant the motion to proceed in forma pauperis.

Additionally, the Court is required to review the complaint and dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons stated below, the Court will dismiss the complaint as to some of the defendants, and the Court will order the remaining defendants to respond to the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

2

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $6.48, and an average monthly balance of $6.48. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.30, which is 20 percent of applicant's average monthly balance and deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs in violation of the Eighth Amendment. Named as defendants are Fulton Reception & Diagnostic Center (FRDC), Correctional Medical Services (CMS), Unknown Gilmore, Unknown Sands (physician, CMS), Unknown Robertson (same), Unknown Serat, Unknown Galbrieth, Rhonda Unknown (nurse, CMS), Cora Unknown (same), Unknown Worley, Unknown Parker, Unknown Hull, Unknown Clark, Unknown Chapman (nurse), Housing Unit 3, Unknown Schmitz, Unknown Aaron (nurse), Moberly Correctional Center, Becky Unknown (nurse), and Unknown Jennene. Plaintiff seeks monetary relief.

Plaintiff alleges that he suffers from several medical illnesses: migraine headaches as a result of brain surgery, grand mal seizures, a psychiatric disorder that causes hallucinations, depression, a hernia, herpes, syphilis, a bone infection in his mouth, foot pain, and wrist pain. Plaintiff alleges that defendants Unknown Sands, Paula Unknown, Rhonda Unknown, and Aaron Unknown have refused to treat his headaches and other illnesses. Plaintiff alleges that defendant Unknown Chapman has refused to give him his psychiatric medicines, which has resulted in

4

plaintiff having hallucinations. And plaintiff alleges that defendants Unknown Robertson and Unknown Cora have refused to treat the bone infection in his mouth. Plaintiff claims that he has ongoing pain, including migraine headaches, and that his illnesses continue to get worse.

## Discussion

The allegations against defendants Unknown Sands, Unknown Robertson, Rhonda Unknown, Cora Unknown, Unknown Chapman, Aaron Unknown, and Becky Unknown survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants FRDC, CMS, Unknown Gilmore, Unknown Serat, Unknown Galbrieth, Unknown Worley, Unknown Parker, Unknown Hull, Unknown Clark, Housing Unit

5

3, Unknown Schmitz, Moberly Correctional Center, or Unknown Jennene were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B) as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's Order dated February 16, 2007, is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.30 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Sands, Unknown

Robertson, Rhonda Unknown, Cora Unknown, Unknown Chapman, Aaron Unknown, and Becky Unknown.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Sands, Unknown Robertson, Rhonda Unknown, Cora Unknown, Unknown Chapman, Aaron Unknown, and Becky Unknown shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants FRDC, CMS, Unknown Gilmore, Unknown Serat, Unknown Galbrieth, Unknown Worley, Unknown Parker, Unknown Hull, Unknown Clark, Housing Unit 3, Unknown Schmitz, Moberly Correctional Center, or Unknown Jennene because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

---

[1] These defendants are alleged to be employees of Correctional Medical Services.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this <u>4th</u> Day of April, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE