# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

GREG DUNIGAN,                )
                             )
    Plaintiff,           )
                             )
v.                           )        No. 2:07CV8 JCH
                             )
FRDC AND CMS MEDICAL, et al.,)
                             )
    Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss. Defendants move the Court to dismiss this case pursuant to Local Rule 2.06 and 28 U.S.C. § 1915(g). The motion will be dismissed without prejudice.

Defendants argue that the case should be dismissed pursuant to Local Rule 2.06 because plaintiff was released from Moberly Correctional Center on July 6, 2007, and as of August 6, 2007, plaintiff had failed to notify the Court of his new address.

Local Rule 2.06(B) provides, "If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice."

In this case, no mail addressed to plaintiff has been returned to the Court without a forwarding address. And plaintiff notified the Court on August 9, 2007, that

he had been transferred to the St. Louis City Justice Center. Because no mail was returned to the Court without a forwarding address, the 30 day period in Local Rule 2.06(B) did not begin to run before plaintiff notified the Court of his new address. As a result, defendants' motion to dismiss fails as to this ground.

Defendants also move the Court to dismiss the case because plaintiff is no longer confined at Moberly Correctional Center (MCC). Plaintiff has been permitted to proceed in forma pauperis in this case under the "imminent danger" exception of 28 U.S.C. § 1915(g). Defendants argue that the conditions which gave rise to plaintiff's allegations of imminent danger no longer exist because he is no longer at MCC. Therefore, argue defendants, this case must be dismissed. Defendants cite no case law in support of their argument.

Section 1915(g) generally prohibits a prisoner who has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim from proceeding in forma pauperis. However, if a court determines that the prisoner is "under imminent danger of serious physical injury," then the prisoner should be allowed to proceed in forma pauperis. While § 1915(g) prevents prisoners from bringing claims in forma pauperis, it does not mandate that a court dismiss a plaintiff's claim once the conditions giving rise to the risk of serious physical injury are abated. Moreover, the Court finds no support in the statute that would *allow* it to dismiss an action for the reasons put

forth by defendants. As a result, defendants' motion to dismiss fails on this ground as well, and the motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#31] is **DENIED** without prejudice.

Dated this 14th Day of August, 2007.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE